IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

WILLIAM MCGURGAN,

       Plaintiff,

v.                                         Case No. 2:20-cv-00173

LESLE HARMAN, et al.,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Plaintiff's Letter-Form Motion for Court to Provide Legal Writing Materials Without Restriction (ECF No. 2), which was filed at the same time as Plaintiff's Complaint (ECF No. 1). His Complaint names six defendants, who are believed to be employees at the South Central Regional Jail; however, the Complaint contains no specific facts concerning the conduct of these individuals. The Complaint generally alleges that "the defendants" are restricting the amount of writing supplies available to him to communicate with the courts and attorneys in two other cases then pending in this court and in the Kanawha County Magistrate Court. He further contends that "the defendants" have tampered with his mail.[1]

---

[1] By separate Order, the undersigned has granted Plaintiff leave to file an amended complaint, as his initial complaint fails to state plausible claims for relief against the named defendants. Plaintiff has also been ordered to pay the applicable filing fee or file an Application to Proceed Without Prepayment of Fees and Costs.

The court construes the instant motion as one for preliminary injunctive relief in the form of an order requiring Plaintiff's correctional facility to provide him with an unrestricted quantity of writing materials.[2]   Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction, an extraordinary remedy, only on notice to the adverse party.   Fed. R. Civ. P. 65(a).   "[P]reliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).   Rather, the discretion of the court to issue such an injunction should be "sparingly exercised." *Id.* at 286.

To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*").   All four factors must be met to justify this extraordinary relief. *Real Truth*, 575 F.3d at 347.

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945).   Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*,

---

[2] The undersigned notes that Plaintiff is presently incarcerated at the Southwestern Regional Jail, having been transferred there sometime shortly after filing his Complaint.  However, he has sued employees at the South Central Regional Jail, where his cause of action allegedly arose.  Both facilities are operated by the West Virginia Division of Corrections and Rehabilitation, but it is doubtful that Plaintiff can obtain injunctive relief from the presently-named defendants, as he is no longer incarcerated in the facility where they work.  Additionally, his request for injunctive relief is likely moot due to his transfer from the facility where the issue arose. *See Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.")

129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * * Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that the movant must make a clear showing that he is likely to be irreparably harmed and particular attention must be paid to the public consequences in employing the extraordinary remedy of an injunction. The movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Additionally, courts should grant preliminary injunctive relief involving the management of correctional facilities only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Miles v. Bell,* No. 20-cv-2107, 2021 WL 229674, at *5 (D. Md. Jan. 22, 2021) (finding preliminary injunctive relief was not warranted on prison conditions claims).

Liberally construed, the plaintiff's motions appear to seek injunctive relief in the form of a court order to require that he be provided unrestricted amounts of writing materials for use in his legal proceedings. However, the Complaint and motion do not provide factual allegations that indicate any actual hindrance with Plaintiff's filings in this, or any other, court, much less any "actual injury" such as the loss of a motion, dismissal of an action, or entry of sanctions against Plaintiff in any of his pending actions. As a result, Plaintiff's allegations concerning denial of access to the courts, as presently pled, fail to state a claim and do not warrant preliminary injunctive relief, as he has not shown a likelihood of success or actual and imminent harm.

Thus, this court cannot presently grant the requested relief. The undersigned proposes that the presiding District Judge **FIND** that, at present, Plaintiff has not clearly shown that he is likely to succeed on the merits of his various claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Plaintiff has not demonstrated a right to a preliminary injunction under the circumstances. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Letter-Form Motion for Court to Provide Legal Writing Materials Without Restriction (ECF No. 2) and leave this matter referred to the undersigned for further consideration of his claims for relief.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

January 29, 2021

Dwane L. Tinsley
United States Magistrate Judge